Filed 10/7/25  In re The Masoumeh Ziaee Harsini Trust CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re THE MASOUMEH ZIAEE HARSINI TRUST DATED APRIL 27, 2004 <br><br> MIKE HARSINI, <br><br>    Plaintiff and Appellant, <br><br>    v. <br><br> KAMRAN HARSINI, Individually and as Successor Trustee, etc., <br><br>    Defendant and Respondent. | B339520 <br><br> Los Angeles County Super. Ct. No. 19STPB10938 |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah L. Christian, Judge. Affirmed.

Mike Harsini, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Appellant Mike Harsini (Harsini) appeals an August 2024 judgment[2] entered against him in a probate case relating to The Masoumeh Ziaee Harsini Trust Dated April 27, 2004.  In the underlying case, Harsini filed a petition, which was opposed by respondent Kamran Harsini (Kamran).  The petition is not part of the appellate record, and the record contains no other documents shedding light on the relief sought.  By way of the judgment, the trial court granted Kamran's oral motion for nonsuit and denied Harsini all requested relief with prejudice.

Harsini appears to argue that the judgment must be reversed because the trial court should have granted his March 2024 motion to disqualify Kamran's counsel, Victoria Marsh, based on her remarks at a hearing held in October 2023.  There, Harsini asserts, Marsh falsely reported receiving an anonymous phone call telling her that Harsini "planned to murder her."[3]  He also contends reversal is required based on the trial judge's bias against him and other erroneous rulings on the trial court's part, including its decision to deem him a vexatious litigant.

---

[1]    See Cal. Stds. Jud. Admin, § 8.1 and *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.

[2]    We exercise our discretion to deem Harsini's premature notice of appeal filed on June 25, 2024, as having been taken from the judgment entered on August 21, 2024.  (See Cal. Rules of Court, rule 8.104(d)(2).)

[3]    Harsini's assertion is unsupported by the record.  According to the reporter's transcript for that proceeding, Marsh reported that she received an anonymous call  telling her to "watch [her] back and be careful" because Harsini "ha[s] threatened a judge previously . . . ."

We reject Harsini's contentions because he has failed to carry his burden of demonstrating reversible error. It is a fundamental rule of appellate review that a trial court's order or judgment is presumed correct, and the appellant bears the burden to demonstrate prejudicial error. "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) All contentions of error asserted in the appellant's brief must include coherent analysis and discussion, supported by pertinent authority reflecting the logical and legal analysis by which the appellant reached the conclusions he urges us to adopt. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) Factual assertions must be accompanied by record citations. (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.) And in conjunction with his brief, the appellant must provide the appellate court with "an adequate record . . . from which prejudicial error is shown." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.) "These rules apply both to parties represented by counsel and self-represented parties." (*L.O. v. Kilrain*, at p. 620; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639 [self-represented litigant is bound by the "same restrictive rules of procedure as an attorney"].)

Harsini's opening brief runs afoul of these principles. It is replete with unsupported factual assertions. For example, Harsini claims that in October 2023, he interviewed a Lomita Sheriff Deputy who denied that Marsh filed a police report relating to an anonymous threat. He does not, however, provide a citation to the record in support of this assertion.

Harsini's main argument appears to be that the trial court's rulings are the product of bias and constitute "violation[s] of the Probate Code[ ] . . . and the Judicial Ethics." (Bolded text omitted.) But he fails to present any cogent legal analysis to support this argument.

To the extent Harsini challenges the trial court's rulings relating to the validity of a trust agreement with which his petition apparently took issue, he has also failed to present an adequate record enabling our review of that contention. The record before us does not contain copies of Harsini's petition or the disputed trust agreement. Nor have we been provided with a reporter's transcript or other suitable alternative (see Cal. Rules of Court, rules 8.134 & 8.137) for the proceeding where Harsini was denied relief. We therefore conclude Harsini failed to meet his burden of demonstrating prejudicial error.

## DISPOSITION

The judgment entered on August 21, 2024, is affirmed.
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TAMZARIAN, J.

We concur:


MORI, Acting P.J.


VAN ROOYEN, J.*

---

\*      Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.